UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                 :

JOSUÉ PAGUADA,                            :

                            Plaintiff,   :

                                      :        20 Civ. 9254 (LGS)

                 -against-          :

                                      :        **OPINION AND ORDER**

YIELDSTREET INC.,                    :

                            Defendant.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Josué Paguada brings this action against Defendant Yieldstreet Inc., alleging that Defendant operates a website that denies equal access to blind and visually-impaired customers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA") and the New York City Human Rights Law, N.Y.C. Admin Code §§ 8-101 to 8-131 ("NYCHRL"). Defendant moves to dismiss the First Amended Complaint ("Complaint") for (1) lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2) failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion is denied.

## I.    BACKGROUND

       Unless otherwise stated, the following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

       Plaintiff is a visually-impaired, legally blind person and needs screen-reading software to access the Internet. Defendant is an investment company that owns and operates the website www.yieldstreet.com (the "Website"). The Website offers investment-related products and services to the public.

Plaintiff visited the Website in October 2020 and February 2021 to gather information related to Defendant's investment-related services, create an account and invest with Defendant. Plaintiff encountered technical barriers on the homepage and FAQ page of the Website that prevented him from using the Website to enjoy Defendant's services.  These technical barriers include (1) a lack of page regions or landmarks, which are needed to identify significant page areas; (2) skipped heading levels, which causes difficulty in navigating the website; (3) PDF downloads that are not accessible to visually-impaired individuals and (4) links on the FAQ page that screen reading software cannot differentiate.  Based on investigations performed on his behalf, Plaintiff is also aware that the Website includes certain additional barriers blocking his full and equal use.  Once these barriers are remedied, Plaintiff intends to access the Website to gather information related to and/or to utilize the services that Defendant offers.

In support of its motion to dismiss the Complaint, Defendant submitted the Declaration of Sylvain Grande (the "Grande Declaration"), Defendant's Chief Product Officer.  Mr. Grande asserts that Defendant has undertaken to comply with the Web Content Accessibility Guidelines ("WCAG") 2.1 level AA, which are well established guidelines for making websites accessible to blind and visually impaired people.  Defendant added to the Website a UserWay plugin, which ensures that the Website provides a digital experience that meets and exceeds WCAG 2.1 level AA requirements.  Mr. Grande asserts that this plugin remediates technical barriers and provides regular monitoring, including automated scans, to identify any issues that arise and any changes to the Website.  UserWay tested and examined the Website in March 2021 and determined that it met the WCAG 2.1 AA standards and no longer contains the technical barriers alleged in the Complaint.  In March 2021, Defendant also tested its Website using "WAVE," a web accessibility evaluation tool.  WAVE found zero errors on the Website.  Mr. Grande attests that Yieldstreet will

ensure that UserWay (or some other website accessibility solution) will remain continuously operating on the Website to ensure that it is always compliant with WCAG 2.1 AA and/or any successor guidelines.  He also attests that Defendant will provide employees and agents developing the Website with training on accessibility and compliance with the ADA.

In opposition to the motion to dismiss and specifically the Grande Declaration, Plaintiff submitted the Declaration of Robert D. Moody (the "Moody Declaration"), who is the President, CEO and founder of Forensic Data Services ("FDS") and who frequently testifies as an expert in the fields of information systems auditing, information security and computer forensics.  Based on his evaluation of the Website, Mr. Moody attests that, as of April 14, 2021, the technical barriers persist and that many of the identified issues directly violate WCAG 2.0 and WCAG 2.1.

## II.    STANDARD

### A.  Motion to Dismiss Pursuant to Rule 12(b)(1)

"A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) . . . if a plaintiff fails to establish standing to bring the action."  *Dominguez v. Athleta LLC*, No. 19 Civ. 10168, 2021 WL 918314, at *2 (S.D.N.Y. Mar. 10, 2021) (citing *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015)). Pursuant to Article III of the Constitution, federal courts' jurisdiction is limited to "cases" and "controversies."  U.S. Const. art. III, § 2.  "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  No case or controversy exists where a request for injunctive relief is moot.  A request is moot if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not

reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (explaining that mootness occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.  As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (internal quotation marks omitted). "The voluntary cessation of allegedly illegal activity may render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) (quoting *Mhany Mgmt., Inc., v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016)).

A Rule 12(b)(1) motion challenging subject matter jurisdiction may be based solely on the complaint or may rely on evidence beyond the pleadings.  *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).  In response to a defendant's "fact-based motion," which relies on evidence, a plaintiff may also submit evidence of its own.  *Id*.  "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks omitted); *Admiral Ins. Co. v. Niagara Transformer Corp.*, No. 20 Civ. 4041, 2021 WL 4460753, at *4 (S.D.N.Y. Sept. 29, 2021) (same).

### B.  Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

4

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor," *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (internal quotation marks omitted), but no effect is given to legal conclusions, *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010)).

## III.   DISCUSSION

### A.  Standing

The Complaint pleads facts sufficient to support standing.  The Complaint alleges that Plaintiff experienced past injury under the ADA -- specifically, that he tried on a couple of occasions to access the Website to evaluate Defendant's investment services and was unable to access the homepage and FAQ page due to certain technical barriers, which the Complaint describes with specificity.  The Complaint also alleges that Plaintiff encountered barriers each time he visited the Website, such that it is reasonable to infer that the alleged discriminatory treatment will continue.  These allegations in the Complaint are supported by the Declaration of Robert D. Moody, who asserts that the technical barriers on the Website persisted in April 2021.  Finally, the Complaint alleges that Plaintiff intends to revisit the Website once Defendant has cured the technical barriers.  These allegations are sufficient in light of the "broad view of constitutional standing" afforded under the ADA.  *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 Civ. 11197, 2020 WL 7480619, at *3 (S.D.N.Y. Dec. 18, 2020).

Defendant contends that the Complaint does not sufficiently plead injury in fact because it does not state which portions of the WCAG the Website violates.  This argument does not address Plaintiff's claim, which alleges denial of full and equal enjoyment of the Website, not a specific violation of the WCAG.  *See* 42 U.S.C. § 12182 (prohibiting discrimination "in the full and equal enjoyment" of goods and services).  The WCAG are established guidelines for making websites accessible to blind and visually impaired people and are often used to help formulate a remedy for non-compliance with the ADA; violation of these guidelines does not necessarily lead to liability under the ADA.  *See Jaquez v. Dermpoint, Inc.*, No. 20 Civ. 7589, 2021 WL 2012512, at *4 (S.D.N.Y. May 20, 2021) (explaining that "compliance with the WCAG is ultimately a question of remedy, not liability"); *Rizzi v. Hilton Domestic Operating Co., Inc.*, No. 18 Civ. 1127, 2019 WL 5874327, at *7 n.1 (E.D.N.Y. July 18, 2019) (explaining that "the parties' discussion of the applicability of [WCAG 2.0] to the websites in question is not relevant for the purposes of a ruling on [d]efendant's motion to dismiss for a lack of standing and is more properly relegated to later proceedings, in the event standing is established"), *report and recommendation adopted* 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019).

Plaintiff's claims are not mooted by Defendant's efforts to cure the Website.  Although Defendant has submitted the Grande Declaration asserting that, in March 2021, Defendant implemented the UserWay plugin to cure any technical barriers and continuously monitor the Website, Defendant's evidence is controverted.  Plaintiff proffered the Moody Declaration asserting that technical barriers persisted in April 2021.  Defendant contends that the Moody Declaration is inconsequential because Mr. Moody does not attest that he activated the UserWay plugin or activated the accessibility menu.  This argument is unpersuasive.  The Moody Declaration states that Plaintiff retained FDS to identify any issues "that could not be overcome"

and "acted as barriers to Plaintiff's use of the Website." Mr. Moody's resulting list includes improper labeling of log in fields and defective labels for signing up to the website, and other issues also suggesting that Mr. Moody was unable to access portions of the Website. Accordingly, Defendant has not met the "formidable burden" of making it "absolutely clear" that the allegedly wrongful behavior has ceased or that it could not reasonably be expected to recur. *See Angeles v. Grace Prods., Inc.*, No. 20 Civ. 10167, 2021 WL 4340427, at *3 (S.D.N.Y. Sept. 23, 2021) (concluding the defendant had failed to establish mootness where plaintiff identified ongoing access problems); *Diaz*, 2019 WL 2357531, at *3 (collecting cases holding defendants failed to establish mootness where plaintiffs identified continuing access barriers or defendants failed affirmatively to demonstrate ADA compliance).

For the same reasons, Defendant's argument that Plaintiff lacks standing on his NYCHRL claim is unavailing. *Tucker v. Denny's Corp.*, No. 19 Civ. 9843, 2021 WL 4429220, at * 2 (S.D.N.Y. Sept. 27, 2021) ("NYCHRL claims are governed by the same standing requirements as the ADA. Because [a plaintiff] has standing to sue under the ADA, [a plaintiff] similarly has standing sue under NYSHRL and NYCHRL.") (internal quotation marks and citation omitted); *cf. Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transp. Auth.*, 11 F.4th 55, 68 (2d Cir. 2021) ("The NYCHRL is construed liberally for the accomplishment of [its] uniquely broad and remedial purposes thereof. [F]ederal civil rights statutes can serve only as a floor below which the [NYCHRL] cannot fall.") (alterations in original) (internal quotation marks and citations omitted).

### B. Failure to State a Claim

The Complaint sufficiently pleads an ADA claim. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under the ADA, the complaint must allege that: (1) Plaintiff is disabled within the meaning of the ADA, (2) Defendant owns or operates a place of public accommodation and (3) Defendant discriminated against Plaintiff by denying him a full and equal opportunity to enjoy Defendant's services. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *accord Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 198 (S.D.N.Y. 2016).

Here the parties do not dispute that the Complaint alleges the first two elements of an ADA claim. However, Defendant argues that the Complaint does not plead that Defendant discriminated against Plaintiff by denying him a full and equal opportunity to access the Website and relatedly, enjoy Defendant's services. Defendant argues that the alleged technical barriers Plaintiff encountered amount to mere "foot faults," rather than violations of the ADA that prevented Plaintiff's access of the Website. This argument is unpersuasive. At the pleading stage, the Complaint's allegations that Plaintiff encountered technical barriers like a lack of page regions or landmarks, skipped heading levels, inaccessible PDF downloads and links that screen reading software could not differentiate are sufficient to support an ADA claim. *See Jaquez*, 2021 WL 2012512, at *2 (finding that the complaint stated an ADA website claim where it alleged the subject website "fails to describe the contents of graphical images, properly label title[s], and distinguish one page from another, and that it contains multiple broken links and inaccurate headings") (internal quotation marks omitted).

**IV.     CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is DENIED.  By October 27, 2021, the parties shall file a proposed civil case management plan and scheduling order.  The stay that was in place (Dkt. No. 16) is lifted.  The Clerk of Court is respectfully directed to close the motion at Docket No. 18 and remove the designation that this case is stayed.

Dated: October 20, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE